FILED

November 25 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0708

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 401N

VICTORIA ROCCO,

      Plaintiff and Appellant,

  v.

PHILLIP OGLE and GERALDINE OGLE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
               In and For the County of Lewis And Clark, Cause No. CDV 06-31
               Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Michael L. Fanning, Attorney at Law, Helena, Montana

      For Appellees:

      Rochelle L. Loveland and James R. Halverson, Halverson & Gilbert, P.C.,
      Billings, Montana

Submitted on Briefs:  October 22, 2008

Decided:  November 25, 2008

Filed:

                             Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Victoria Rocco (Rocco) appeals from the judgment in favor of Defendants Phillip Ogle and Geraldine Ogle (Ogles). We affirm.

¶3 The Ogles run a livestock operation on their property that abuts Lincoln Road East in the Helena Valley, in Lewis and Clark County. Rocco was traveling west on Lincoln Road East in the early morning hours of July 29, 2005, when she collided with a Black Angus bull standing in the roadway. The bull rolled over the top of Rocco's car, crushed the windshield, and totaled the vehicle. Rocco suffered a head injury and serious cuts to her face. Investigators determined that the Ogles owned the Black Angus bull.

¶4 Rocco filed a complaint against the Ogles in which she alleged that the Ogles were negligent in failing to prevent their cattle from wandering onto Lincoln Road East. Rocco also asserted a claim of public nuisance. The Ogles responded by filing a motion for summary judgment on the basis that § 27-1-724, MCA, protects a livestock owner from liability for damages to property or injury to person for livestock wandering on the highways.

¶5 The District Court first granted summary judgment to the Ogles on the public nuisance claim. The court noted that allowing Rocco to bring a nuisance action under the general nuisance statutes would circumvent the limits of liability of a livestock owner under

2

§ 27-1-724, MCA. This statute specifically provides that a livestock owner is not subject to damages unless the owner was "grossly negligent or engaging in intentional misconduct." In response, Rocco filed a motion to declare § 27-1-724, MCA, unconstitutional on the grounds that it violates Article II, Section 4, of the Montana Constitution. The District Court denied Rocco's motion and granted summary judgment to the Ogles. The District Court also denied Rocco's motion to reconsider its two previous orders. Rocco appeals.

¶6      Rocco raises two issues on appeal. She first argues that the gross negligent standard set forth in § 27-1-724, MCA, violates the equal protection provision and the substantive due process provisions of the Montana Constitution. Rocco also contends that she should have been entitled to pursue her independent claim for relief under a public nuisance theory separate and apart from her negligence claim.

¶7      We review de novo a district court's decision to grant summary judgment. *Prosser v. Kennedy Enterprises, Inc.*, 2008 MT 87, ¶ 10, 342 Mont. 209, ¶ 10, 179 P.3d 1178, ¶ 10. We use the same criteria applied by the District Court under M. R. Civ. P. 56. *Prosser*, ¶ 10. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M. R. Civ. P. 56(c). We draw all reasonable inferences in favor of the party opposing summary judgment. *Prosser*, ¶ 10. A party challenging the constitutionality of a statute must prove beyond a reasonable doubt that the statute is unconstitutional. *Oberson v. U.S. Dept. of Agric., Forest Ser.*, 2007 MT 293, ¶ 14, 339 Mont. 519, ¶ 14, 171

3

P.3d 715, ¶ 14. We presume that all statutes are constitutional, and we attempt to construe them in a manner that avoids unconstitutional interpretation. *Oberson*, ¶ 14.

¶8	We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. Rocco concedes that she cannot meet the gross negligence standard required under § 27-1-724, MCA. The record also reveals, however, that Rocco likely could not establish even simple negligence by the Ogles. In light of this determination, Rocco's challenge to the constitutionality of the gross negligence standard contained in § 27-1-724, MCA, would have no effect on the ultimate outcome of this case. We decline to undertake the constitutional analysis sought by Rocco under these circumstances. It is manifest on the face of the briefs and the record before us no genuine issues of material fact exist. It is also manifest on the face of the briefs and record before us that the District Court correctly interpreted the law.

¶9	We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON

4